1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     STEPHEN LEE DRAKE,                          No.  2:24-cv-00153 KJN P

12                    Plaintiff,

13            v.                                    ORDER

14     NEESURG SUNIL MEHTA, et al.,

15                    Defendants.

16

17            Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18     § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19     proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20     Plaintiff's Application to Proceed In Forma Pauperis

21            Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22     Accordingly, the request to proceed in forma pauperis is granted.

23            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24     §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

25     accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26     the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27     forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

28     of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

1    payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

2    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4    Screening Standards

5          The court is required to screen complaints brought by prisoners seeking relief against a

6    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7    court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

8    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

17   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

18   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

19   1227.

20         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

25   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

26   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

27   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

28   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2

1  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

3  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

4  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6  Plaintiff's Claims

7      Named as defendants are Dr. Mehta and Dr. Yiu.  Plaintiff alleges that defendants are

8  employed at the U.C. Davis Hospital in Sacramento, California.  Plaintiff alleges that defendants

9  diagnosed plaintiff with a detached retina on March 4, 2022.  Plaintiff alleges that on March 4,

10  2022, defendants knew that plaintiff had been showing symptoms of retinal tearing/detachment

11  for three weeks.  Plaintiff alleges that normally when retinal tearing/detachment is diagnosed,

12  immediate surgery is performed.  Plaintiff alleges that on March 4, 2022, defendant Mehta told

13  plaintiff that surgery for plaintiff's eye could be performed in a "week or two."  Plaintiff asked if

14  his condition could get worse during that time.  Defendant Mehta told plaintiff, "I don't think so."

15      Plaintiff alleges that he received surgery for his eye thirteen days after March 4, 2022.

16  Plaintiff alleges that after checking his medical records, it was easy to see that the thirteen days

17  delay caused the original diagnosis of two small tears at 11 and 2 o'clock to turn into an

18  irreparable "Z" shaped tear on plaintiff's left retina with the middle part of the "Z" going across

19  the center of his retina, making his eye almost useless.  Plaintiff alleges that he received his last

20  surgery on his eye at U.C. Davis Hospital on July 31, 2023.

21  Discussion

22      In order to state a claim under § 1983, plaintiff must allege:  (1) the violation of a federal

23  constitutional or statutory right; and (2) that the violation was committed by a person acting under

24  the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

25      *Did Plaintiff Allege Violation of a Constitutional Right?*

26      The Civil Rights Act under which this action was filed provides as follows:

27          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the deprivation
28          of any rights, privileges, or immunities secured by the Constitution .

3

1    . . shall be liable to the party injured in an action at law, suit in equity,
          or other proper proceeding for redress.
2

3    42 U.S.C. § 1983.

4         The statute requires that there be an actual connection or link between the actions of the

5    defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

6    Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to

7    attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative

8    link between the incidents of police misconduct and the adoption of any plan or policy

9    demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

10   to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative

11   act, participates in another's affirmative acts or omits to perform an act which he is legally

12   required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588

13   F.2d 740, 743 (9th Cir. 1978).

14        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

15   their employees under a theory of respondeat superior and, therefore, when a named defendant

16   holds a supervisorial position, the causal link between him and the claimed constitutional

17   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

18   (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

19   438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

20   denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

21   official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

22   F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

23   participation is insufficient).

24        The undersigned finds that plaintiff alleges sufficient facts to show that defendant Mehta

25   violated plaintiff's Eighth Amendment right to adequate medical care by delaying plaintiff's eye

26   surgery.  For the reasons discussed herein, the undersigned finds that plaintiff does not allege

27   sufficient facts to show that defendant Yiu violated the Eighth Amendment by delaying plaintiff's

28   eye surgery.

4

While plaintiff alleges that both defendants Yiu and Mehta diagnosed plaintiff with a detached retina on March 4, 2022, plaintiff alleges that defendant Mehta told plaintiff that the surgery could be performed in "a week or two" and that defendant Mehta did not think plaintiff's eye could get worse in that time. Plaintiff alleges no specific facts demonstrating that defendant Yiu caused the delay in plaintiff's surgery. Accordingly, plaintiff's Eighth Amendment claim against defendant Yiu is dismissed because plaintiff did not adequately link defendant Yiu to the alleged deprivations.

*Did Defendants Act Under Color of State Law?*

For the reasons stated herein, the undersigned finds that plaintiff failed to plead sufficient facts demonstrating that defendants Mehta and Yiu acted under color of state law.

In general, private conduct is presumed not to constitute governmental action. Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999). A litigant may overcome this presumption by, for example, demonstrating that (1) a private party is endowed with powers or functions that are traditionally and exclusively governmental in nature; (2) the state jointly participated in the challenged activity; (3) the state coerced or significantly encouraged a private party's conduct; or (4) there is such a close nexus between the state and the challenged activity that seemingly private conduct may be treated as that of the state. See id. at 835–36.

In West v. Atkins, the United States Supreme Court held that while the provision of medical care is typically considered private activity, medical care provided to state prisoners is a public function. 487 U.S. 42, 57 n.15 ("Unlike the situation confronting free patients, the nonmedical functions of prison life inevitably influence the nature, timing, and form of medical care provided to inmates...."). In that case, the Court concluded that a private physician acted under color of state law when he provided medical services to a state prisoner pursuant to a professional services contract with the state. Id. at 54–55. As the Court explained, states have a constitutional obligation under the Eighth Amendment to provide adequate medical care to prisoners in their custody. Id. at 54 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). In contracting with private physicians, the state deferred to their professional judgment to fulfill this obligation. Id. at 55. Moreover, a prisoner with a medical need may only turn to physicians

employed, contracted, or otherwise authorized by the state for care.  <u>Id.</u>  Courts must look to the relationship between the state, the physician, and the prisoner, rather than whether a physician is on the state's payroll or is a party to a state contract.  <u>Id.</u> at 56; <u>see also id.</u> at 55–56 ("It is the physician's function within the state system, not the precise terms of his employment, that determines whether his actions can fairly be attributed to the State.... Contracting out prison medical care ... does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights.").

In light of the decision in <u>West</u>, several courts have held that private physicians or hospitals having a contractual relationship with state authorities to provide medical services to inmates are acting under color of state law for purposes of § 1983.  <u>Wheeler v. Mui</u>, 2017 WL 1273799, at *5 (E.D. Cal. Feb. 10, 2017) (citing <u>Sykes v. Athannasious</u>, 2015 WL 4662736, at *7 (E.D. Cal. Aug. 5, 2015) (concluding that a private physician acted under color of law where CDCR contacted the physician, approved the prisoner's treatment, determined when and where the prisoner would be treated, paid the physician, and received and reviewed the physician's report regarding the prisoner's case), findings and recommendations adopted, 2015 WL 5399491 (E.D. Cal. Sept. 14, 2015); <u>George v. Sonoma Cty. Sheriff's Dep't</u>, 732 F. Supp. 2d 922, 935 (N.D. Cal. 2010) (concluding that a private hospital and physician providing medical services to a county jail inmate pursuant to a contract with the county were state actors); <u>Ayala v. Andreasen</u>, 2007 WL 1395093, at *3 (E.D. Cal. May 10, 2007) (concluding that a private hospital physician, as an agent of the hospital, acted under color of state law when performing medical services on a state prisoner pursuant to a contract between the hospital and the prisoner and a referral by prison officials), findings and recommendations adopted, 2007 WL 4239813 (E.D. Cal. Nov. 29, 2007)).

Plaintiff has not plead sufficient facts demonstrating that defendants Mehta and Yiu acted under color of state law.  Plaintiff does not allege, for example, that the U.C. Davis Hospital where defendants were employed, had a contract with the prison where plaintiff was incarcerated to provide medical care for inmates.  Accordingly, plaintiff's complaint is dismissed with leave to amend.

////

Conclusion

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached

Notice of Amendment and submit the following documents to the court:

        a.  The completed Notice of Amendment; and

        b.  An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

        Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

        Dated:  January 26, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Drake153.14

8

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

STEPHEN L. DRAKE,                                    No. 2:24-cv-00153 KJN P

12

Plaintiff,

13

v.                                                          NOTICE OF AMENDMENT

14

NEESURG SUNIL MEHTA, et al.,

15

Defendants.

16

Plaintiff hereby submits the following document in compliance with the court's order

17

filed_____.

18

_____                   Amended Complaint

19

DATED:

20
21

_____
Plaintiff

22
23
24
25
26
27
28

9