UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN L. DRAKE,<br><br>            Plaintiff,<br><br>      v.<br><br>NEESBURG SUNIL MEHTA,<br><br>            Defendant. | No.  2:24-cv-00153 CSK P<br><br><br>ORDER |

**I. INTRODUCTION**

   Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. §1983.  Pending before the Court is plaintiff's motion to compel further responses to interrogatories nos. 1-2 and requests for admissions nos. 1-7.  (ECF No. 31.)  Defendant filed an opposition to plaintiff's motion to compel.  (ECF No. 32.)  Plaintiff did not file a reply.  For the following reasons, plaintiff's motion to compel is granted in part and denied in part.

**II. PLAINTIFF'S ALLEGATIONS**

   This action proceeds on plaintiff's amended complaint filed February 23, 2024 against defendant Dr. Neesburg Mehta, employed at U.C. Davis Hospital in Sacramento, California. (ECF No. 9.)  Plaintiff alleges that defendant Mehta violated plaintiff's Eighth Amendment right to adequate medical care by failing to provide timely surgery for plaintiff's detached retina.

///

1

## III. DISCUSSION

### A. Governing Standards

#### 1. Legal Standard for Motion to Compel

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Bryant v. Ochoa, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Id. The opposing party "has the burden to show that discovery should not be allowed..." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

#### 2. Legal Standard Regarding Interrogatories

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). A responding party is typically not required to conduct extensive research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. See L.H. v. Schwarzenegger, 2007 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is

later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

### 3. Legal Standard Regarding Requests for Admissions

Federal Rule of Civil Procedure 36(a)(1) authorizes a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  If the responding party does not respond to a request with an admission, it

> must specifically deny it or state in detail why [it] cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when in good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

Requests for admissions serve "to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."  Asea, Inc. v. Southern Pacific Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981).  If the requesting party is dissatisfied with responses to its requests for admissions, it

> may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

Fed. R. Civ. P. 36(a)(6).

**B. Discussion**

### 1. Failure to Meet and Confer

Defendant argues that plaintiff's motion to compel should be denied because plaintiff failed to meet and confer prior to filing his motion to compel as required by Federal Rule of Civil Procedure 37(a)(1).  (ECF No. 32 at 2-3.)  Local Rule 251 contains the requirement of conferring prior to filing motions to compel.  The Discovery and Scheduling Order filed November 18, 2024 states that Local Rule 251 does not apply in this action.  (ECF No. 24 at 5.)  For this reason,

3

plaintiff was not required to meet and confer prior to filing the motion to compel. Accordingly, defendant's argument that plaintiff's motion to compel should be denied because plaintiff failed to meet and confer fails.

2. <u>Interrogatories Nos. 1-2 and Requests for Admissions Nos. 1-7</u>

In the motion to compel, plaintiff generally argues that defendant's responses to interrogatories nos. 1-2 and requests for admissions nos. 1-7 were evasive and incomplete. (ECF No. 31 at 2.) Plaintiff argues that his discovery requests were calculated to lead to the discovery of admissible evidence. (Id.)

a. *Interrogatories Nos. 1-2*

Interrogatory no. 1 asked, "State the position the Defendant held at U.C. Davis on 3-3-22." (ECF No. 31-1 at 11.) Defendant responded, "Dr. Mehta was a Vitreoretinal Surgical Fellow at U.C. Davis on March 3, 2022." (Id.) This Court finds that defendant Mehta adequately responded to interrogatory no. 1. Accordingly, plaintiff's motion to compel as to interrogatory no. 1 is denied.

Interrogatory no. 2 asked, "Describe why on 3-4-22 the defendant delayed the plaintiff[']s emergency surgery for an additional two weeks when two and a half weeks had already passed since the onset of plaintiff[']s detached retina." (Id. at 11.) Without waiving objections, defendant responded as follows to interrogatory no. 2: "Responding party did not delay surgery for Plaintiff; fellows are not responsible for scheduling surgeries. When to schedule a surgery is a decision made by the attending surgeon. Scheduling is further complicated when a patient is an incarcerated inmate." (Id. at 12.) In the opposition to the motion to compel, defendant states that he objected to interrogatory no. 2 because it was vague and ambiguous in light of the fact that the request was based on assumptions: 1) that defendant controls the setting of surgeries; and 2) that the surgery was, indeed, an emergency. (ECF No. 32 at 3.) Defendant states that as a result, interrogatory no. 2 is inherently ambiguous and an explanation about plaintiff's symptoms and the need for same-day surgery falls squarely in the purview of an expert witness. (Id. at 3-4.) Defendant states that he nonetheless provided a response stating that defendant was not responsible for scheduling surgeries, that attending surgeons are responsible for scheduling

4

surgeries, and there are other considerations outside defendant's control when a patient is an incarcerated inmate.  (Id. at 4.)

This Court need not address the merits of defendant's objections to interrogatory no. 2 because defendant adequately addressed interrogatory no. 2 by informing plaintiff that defendant was not responsible for scheduling surgeries.  Accordingly, plaintiff's motion to compel as to interrogatory no. 2 is denied.

           *b.   Requests for Admissions Nos. 1-7*

Request for Admission no. 1 asked, "Admit that the defendant read the clinical notes about the plaintiff's retina from the 3-3-22 emergency room visit at U.C. Davis."  (ECF No. 31-1 at 15.)  Without waiving objections, defendant denied request no. 1 because it was unintelligible.  (Id.)  In the opposition to the motion to compel, defendant argues that request no. 1 is vague because it does not specify whether plaintiff is asking whether defendant reviewed the records in question on March 3, 2022 or whether the request is asking if defendant reviewed March 3, 2022 records at some other point in time.  (ECF No. 32 at 4.)  Referring to defense counsel's declaration submitted in support of the opposition, defendant also states that there is no visit by plaintiff to the emergency room on March 3, 2022.  (ECF No. 32 at 4.)  In her declaration, defense counsel states that at the time defendant provided his responses to plaintiff's discovery requests on March 18, 2025, defendant had not received copies of subpoenaed medical records of plaintiff's visit with defendant.  (ECF No. 32-1 at 2.)  Upon receiving the medical records, defense counsel did not find any visits to the emergency department for plaintiff on March 3, 2022.  (Id.)

This Court finds that request no. 1 is vague for the reasons stated by defendant in the opposition.  Accordingly, the motion to compel as to request no. 1 is denied.

Request for Admission no. 2 asked, "Admit that the defendant knew that the plaintiff had been showing symptoms of Mac-off retinal detachment for two and a half weeks when plaintiff was at U.C. Davis on 3-3-22."  (ECF No. 31-1 at 15.)  Without waiving objections, defendant responded, "Responding party lacks sufficient information as to which symptoms plaintiff reported at U.C. Davis on March 3, 2022.  Responding party denies the remainder of the request."

(Id. at 16.) In the opposition to the motion to compel, defendant states that request no. 2 seeks information about an appointment on March 3, 2022 which is not contained in the medical records. (ECF No. 32 at 4.) Defendant also argues that request no. 2 is vague as to a timeline for which symptoms plaintiff claims he reported to defendant and when, or to whom, the information was communicated. (Id.)

In request no. 2, plaintiff seeks information regarding an appointment plaintiff allegedly had at U.C. Davis on March 3, 2022. The motion to compel as to request no. 2 is denied because, as discussed above, defendant indicated that there are no records of plaintiff being seen at U.C. Davis on March 3, 2022.

Request for Admission no. 3 asked, "Admit that the defendant told plaintiff on 3-4-22 that 'were deciding weather [sic] to perform surgery on you (plaintiff) tonight or not." (ECF No. 31-1 at 16.) Without waiving objection, defendant responded, "After a reasonable inquiry into the matter, responding party lacks sufficient information to be able to respond to this request and, on that basis, denies." (Id.) In the opposition, defendant states that at the time he sent his responses to plaintiff, defendant was not able to review the medical records to inform his response and, accordingly, the objections were asserted to protect against any improperly assumed facts. (ECF No. 32 at 4.) Because defendant now has access to plaintiff's medical records, defendant is ordered to file a further response to request no. 3. In request no. 3, plaintiff is asking defendant to admit that on March 4, 2022 defendant informed plaintiff that defendant was deciding whether to perform surgery on plaintiff that night. This request is neither vague, ambiguous or overly broad as to scope and time. Although plaintiff does not identify the surgery, in request no. 3 plaintiff clearly refers to the surgery on plaintiff's eye discussed in the amended complaint.

Request no. 4 asked, "Admit that the defendant delayed plaintiff's emergency surgery on 3-4-22 even though the retinal surgery that was performed on the plaintiff on 3-18-22 is considered 'emergency' surgery." (ECF No. 31-1 at 16.) Without waiving objections, defendant denied this request. (Id. at 17.) In the opposition, defendant observes that request no. 4 includes numerous subparts, i.e., that defendant delayed the surgery, the surgery was an emergency surgery, there was a retinal surgery ultimately performed on March 18, 2022 and that the

subsequent surgery performed was an emergency. (ECF No. 32 at 4.) Defendant argues that given the number of assumptions required to adopt in order to provide an admission, request no. 4 is vague and ambiguous. (Id. at 4-5.)

"Requests for admissions may not contain compound, conjunctive or disjunctive (e.g., 'and/or') statements." U.S. ex rel. England v. Los Angeles County, 235 F.R.D. 675, 684 (E.D. Cal. 2006). However, compound requests that are "capable of separation into distinct components" should be denied or admitted with appropriate designation or qualification by defendant in its response. See Weil v. Raisin City Elementary School District, 2024 WL 4826233, at *5 (E.D. Cal. Nov. 19, 2024) (citing Diederich v. Dep't of Army, 132 F.R.D. 614, 621 (S.D.N.Y. 1990)). Request no. 4 is compound in that it requests admission of multiple facts. This Court also finds that request no. 4, as worded, cannot be reasonably separated into distinct components. Accordingly, the motion to compel as to request no. 4 is denied.

Request no. 5 asked, "Admit that on 3-4-22 the plaintiff asked if his torn and detached retina could get worse with a delay of emergency surgery in a 'week or two' the defendant said 'I don't think so.'" (ECF No. 31-1 at 17.) Without waiving objections, defendant responded that after a reasonable inquiry into the matter, defendant lacked sufficient information to be able to respond to this request and, on this basis, denied the request. (Id.) In the opposition, defendant argues that request no. 5 contains numerous subparts, i.e., plaintiff's retina was detached, plaintiff asked if his retina could get worse, the surgery was delayed, the surgery was an emergency, and that defendant responded with, "I don't think so." (ECF No. 32 at 5.) This Court finds that request no. 5 is compound in that it requests admission of multiple facts. This Court also finds that request no. 5, as worded, cannot be reasonably separated into distinct components. Accordingly, plaintiff's motion to compel as to request no. 5 is denied.

Request no. 6 asked, "Admit that defendant knew that it was possible for the plaintiff[']s retinal tears and detachment to get worse within the two week delay of emergency surgery." (ECF No. 31-1 at 18.) Without waiving objection, defendant denied this request. (Id.) In the opposition, defendant argues that request no. 6 contains subparts that include information that defendant knew, that plaintiff had retinal tears and detachment, that defendant chose to delay the

7

surgery and that the surgery was an emergency. (ECF No. 32 at 5.) This Court finds that request no. 6 is compound and, as worded, cannot be reasonably separated into distinct components. Accordingly, the motion to compel as to request no. 6 is denied.

Request no. 7 asked, "Admit that the 'Z' shaped tear in the plaintiff's retina could have been avoided if the defendant chose to perform emergency surgery on the plaintiff on 3-4-22 instead of delaying surgery for two weeks on 3-18-22." (ECF No. 31-1 at 18.) Without waiving objection, defendant denied this request. (Id.) In the opposition, defendant argues that request no. 7 contains subparts including plaintiff having a Z-shaped tear, that the tear could have been avoided by performing surgery sooner, that defendant was responsible for the delay in the surgery, that the surgery was an emergency and that defendant delayed the surgery for two weeks. (ECF No. 32 at 5.) This Court finds that request no. 7 is compound and, as worded, cannot be reasonably separated into distinct components. Accordingly, the motion to compel as to request no. 7 is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 31) is denied on all grounds except for the motion to compel as to request for admission no. 3, which is granted. Within twenty-one days of the date of this order, defendant shall serve plaintiff with a further response to request for admission no. 3; and

2. The pretrial motion deadline of August 27, 2025 is vacated and reset to October 5, 2025.

Dated: August 20, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Drak153.com/2