UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN L. DRAKE, Plaintiff, v. NEESURG SUNIL MEHTA , Defendant. | No. 2:24-cv-00153-TLN-CSK **ORDER** |

Plaintiff Stephen L. Drake ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 20, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 51.) Plaintiff filed objections to the findings and recommendations. (ECF No. 52). Defendant filed a reply to the objections. (ECF No. 53.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 51) are ADOPTED IN FULL;
2. Defendant's motion for summary judgment (ECF No. 35) is GRANTED;
3. Plaintiff's motion for summary judgment (ECF No. 38) is DENIED;
4. Plaintiff's motion to stay (ECF No. 54) is DENIED;[1] and
5. The Clerk of the Court is directed to enter judgment for Defendant Neesurg Sunil Mehta and close this case.

IT IS SO ORDERED.

DATE: September 21, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff requests a 120-day stay to obtain expert testimony establishing the delay of treatment caused his further injury. (ECF No. 54 at 2.) The Court ultimately DENIES this request, as Plaintiff fails to establish that he moved diligently to pursue discovery in the past and fails to show how the information sought would preclude summary judgment. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) ("[The Ninth Circuit] will only find that the district court abused its discretion if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment.").